PREGERSON, Circuit Judge,
dissenting:
I dissent. Here, unlike in Garfias-Rodriguez, the Montgomery Ward retroactivity analysis does not support applying Briones. The second, third and fourth factors all weigh heavily in favor of Petitioners.[1]
Given the specific facts and timing of this case, the second and third Montgomery Ward factors weigh in favor of Petitioners. Unlike in Garfias-Rodriguez, Petitioners here in their motion to reopen their case specifically relied on Perez-Gonzalez v. Ashcroft, 379 F.3d 783 (9th Cir.2004), which holds that INA § 212(a)(9)(C)(i)(II) does not bar adjustment of status under INA § 245(i). Further, the Immigration Judge was prepared to grant the Petitioners adjustment in a hearing on January 10, 2008. By the time the case was remanded to the IJ following his erroneous application of the fugitive entitlement doctrine, however, the Ninth Circuit had overruled Perez-Gonzalez. Accordingly, the IJ determined that Petitioners were no longer eligible for adjustment under § 245(i).
Moreover, the fourth factor also weighs in favor of Petitioners. As the majority points out, deportation is a significant burden here, as it was in Garfias-Rodriguez. But here, the burden is even higher because of the IJ’s initial legal error. Had the IJ not erroneously applied the fugitive entitlement doctrine, Acosta v. Gonzales, 439 F.3d 550 (9th Cir.2006), which holds that § 212(a)(9)(C)(i)(I) does not bar § 245(i) eligibility, would have controlled Petitioners’ case and they would have re *635 ceived § 245(i) relief. Instead, the IJ’s erroneous decision resulted in a delay of almost two years. This makes the burden of deportation now especially heavy.
Briones should not apply retroactively in this case. I would grant the petition. Therefore, I dissent.

. The Montgomery Ward retroactivity test considers:
(1) whether the particular case is one of first impression, (2) whether the new rule represents an abrupt departure from well established practice or merely attempts to fill a void in an unsettled area of law, (3) the extent to which the party against whom the new rule is applied relied on the former rule, (4) the degree of the burden which a retroactive order imposes on a party, and (5) the statutory interest in applying a new rule despite the reliance of a party on the old standard.
Garfias-Rodriguez v. Holder, 702 F.3d 504, 518 (9th Cir.2012) (internal citations omitted).